UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TASHANNA N. BAILEY                                      CIVIL ACTION

VERSUS                                                  NO. 14-175-JJB-RLB

ROBERT K. JOHNSON AND
MAIDEN REINSURANCE CO.

## ORDER

Before the Court is Plaintiff's Motion to Reconsider (R. Doc. 10) the Court's previous denial (R. Doc. 9) of her Motion for Extension of Time (R. Doc. 8). In her Motion for Extension, Plaintiff asked the Court to extend the January 30, 2015 discovery deadline by 90 days. (R. Doc. 8 at 1). In support of the requested extension, Plaintiff explained that her "counsel ha[d] been unable to complete discovery" because of "numerous scheduling issues and previously set matters." (R. Doc. 8 at 1). Defendants did not oppose the Motion for Extension or the relief requested. (R. Doc. 8 at 1).

The Court originally denied Plaintiff's Motion for Extension because it gave "no specific information regarding the discovery that has already been completed, what additional discovery remains, or why, despite the exercise of due diligence, that could not have been completed within the existing timeframe." (R. Doc. 9 at 2). Plaintiff now moves the Court to reconsider its denial and offers additional information not included in her Motion for Extension.

In her Motion for Reconsideration, Plaintiff explains that her counsel could not meet the January 30, 2015 discovery deadline, despite due diligence, because: (1) he had to leave town for a month following the illness and death of a family member; (2) a member of his support staff

was unexpectedly absent for 2 months after going into premature labor; and (3) he was preparing for 4 trials. (R. Doc. 10-1 at 1). Plaintiff further advises that she does not seek an extension of any other Scheduling Order deadlines.

As an initial matter, the Court recognizes that all counsel must balance busy work schedules, but that alone does not support a finding of good cause. *See Draper v. KK Ford, LP,* 196 F. App'x 264, 265 (5th Cir. 2006). This is particularly true where the scheduling conflicts described were "previously set matters" that should have been accounted for by counsel in diligently pursuing discovery.[1] At the same time, the Court is sympathetic to the fact that certain events cannot be planned for and must take precedent over other obligations — especially those involving the loss of a family member or a medical emergency.

Considering the circumstances and the lack of prejudice to Defendants, as indicated by their consent to the extension, the Court finds there is good cause to extend the fact discovery deadline for 90 days. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (R. Doc. 10) is **GRANTED**. The Court's previous Order (R. Doc. 9) denying Plaintiff's requested extension is **VACATED** and the Scheduling Order is modified as follows:

Completing **fact discovery** and filing related motions: **April 30, 2015**.

The parties are advised that all other deadlines established by the Court's Scheduling Order (R. Doc. 7) remain the same.

Signed in Baton Rouge, Louisiana, on March 3, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court, however, remains unaware of the extent of counsel's diligence, as Plaintiff's Motion for Reconsideration again does not explain the discovery already conducted.