UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TASHANNA N. BAILEY

VERSUS

ROBERT K. JOHNSON AND
MAIDEN REINSURANCE CO.

CIVIL ACTION

NO. 14-175-JJB-RLB

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment (Doc. 12) brought by defendants, Robert K. Johnson ("Johnson" or "defendant") and Maiden Reinsurance Co. (collectively "defendants"). Plaintiff, Tashanna N. Bailey ("Bailey"), filed an opposition (Doc. 14-1) and the defendants filed a reply brief (Doc. 16). A hearing was held on November 17, 2015. Subsequently, the plaintiff filed a supplemental opposition (Doc. 25) and the defendants filed a supplemental brief in support (Doc. 29). The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendants' Motion for Summary Judgment (Doc. 12) is **GRANTED**.

**I.   Background**

The summary judgment evidence establishes that on February 10, 2013, Bailey was driving southbound[1] on Louisiana Highway 30 ("LA 30") towards Interstate 10 in Gonzales, Louisiana. Bailey collided with the trailer of Johnson's tractor trailer when Johnson made a left turn onto LA 30 from a private driveway. *Pl.'s Opp'n* 1, Doc. 14-1. At the time Johnson turned onto LA 30, he was operating his tractor trailer with all lights on, including headlights, taillights, and trailer running lights. *Johnson Decl.*, Doc. 12-7; *see Pl.'s Resp. Defs.' Statement Undisputed*

---

[1] There appears to be some inconsistency regarding what direction Bailey was traveling on LA 30 prior to the accident. *See Adamson Decl.* ¶ 6, Doc. 12-5 (stating that Bailey was traveling westbound); *Bailey Dep.* 45–46, 49, Doc. 12-4 (discussing the direction Bailey was traveling). For purposes of this ruling, the Court assumes that Bailey was traveling southbound on LA 30, the direction noted on the accident report. *Traffic Crash Report*, Doc. 14-3.

1

*Facts* ¶ 7, Doc. 15 (admitting this fact). According to Bailey, the accident occurred because Johnson's "vehicle turned into her lane of travel, causing her to hit the side of his trailer." *Pl.'s Resp. Defs.' Statement Undisputed Facts* 2, Doc. 15. To support her account of the accident, Bailey cites to the accident report (Doc. 14-3) and her own declaration (Doc. 14-2) for the proposition that she was never issued a traffic citation or a citation for Driving While Intoxicated ("DWI"), as well as the fact that Johnson was given a traffic citation for Failure to Yield.

Following the accident, Bailey was transported to Our Lady of the Lake Hospital for treatment. *Defs.' Supp. Mem.* 9, Doc. 12-2. Approximately five minutes after arriving (around 9:57 p.m.), Bailey's blood was drawn and her plasma alcohol level at that time was 273 mg% (.273 gm%). *Id.* Bailey was diagnosed upon admission with, among other things, "acute alcohol intoxication." *Bailey Med. R.*, Doc. 12-8. Dr. William George ("Dr. George"), a pharmacologist and toxicologist, calculated Bailey's blood alcohol concentration ("BAC") at .232 gm%[2] at the time it was drawn. *George Decl.* ¶ 5, Doc. 12-6. According to Dr. George, at this BAC "sedative effects would have been significant, reaction time would have been greatly prolonged, and critical judgment would have been impaired. . . . Ms. Bailey would have been significantly impaired with respect to sensory and motor functions." *Id.* at ¶ 7. Dr. George concluded that "[a]t this high level, alcohol should be considered to be a significant contributing factor in the accident . . . ." *Id.* at ¶ 8.

Kelley Adamson ("Adamson"), a licensed professional engineer and traffic accident investigator and reconstructionist, provided a declaration explaining the events of the accident and two opinions as to Bailey's ability to avoid the accident. *See Adamson Decl.*, Doc. 12-5. First, Adamson concluded that Bailey would have been able to slow her vehicle and avoid the

---

[2] Dr. George's calculations stated that Bailey's BAC would have been in the range of 223-242 mg% at the time it was drawn; the mean concentration was calculated at .232 mg% (.232 gm%). *George Decl.* ¶ 5, Doc. 12-6. For purposes of this ruling, the mean concentration number will be used.

accident, without coming to a complete stop, had she been traveling within the posted speed limit. *Id.* at ¶ 14. Using the Crash Data Retrieval file from Bailey's car, Adamson stated that Bailey was traveling at 71 mph, 2.5 seconds prior to the accident—16 mph over the posted speed limit of 55 mph. *Id.* at ¶ 8. Based on his accident reconstruction, Adamson stated that Johnson began his turn onto the roadway 11.3 seconds prior to the collision and that Bailey would have been approximately 1,160 feet from the area of the collision at that time. *Id.* at ¶ 9–10.

Second, Adamson concluded that, "[e]ven at 71 mph, Ms. Bailey could have controlled her speed to avoid the collision with constant braking. . . . Ms. Bailey had both time and distance to avoid the collision." *Id.* at ¶ 16, 18. According to Adamson, Johnson's vehicle would have been clearly visible to Bailey at least 5 seconds before the collision. *See id.* at ¶ 11. Additionally, the data indicated that Bailey intermittently applied the brakes in the 3 seconds prior to the collision, only slowing down to 62 mph prior to the accident. *Id.* at ¶ 12–14. Specifically, the data showed that Bailey "was braking at 2.5 second[s] prior to the collision, but then she removed her foot from the brake, and was not braking at 2.0 seconds or 1.5 seconds prior to the collision. Ms. Bailey again applied the brakes 1.0 seconds before the collision, but again removed her foot from the brake .5 second[s] before the collision." *Defs.' Supp. Mem.* 8, Doc. 12-2; *see Adamson Decl.*, Doc. 12-5.

On February 10, 2014, Bailey filed a Petition for Damages in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana. Doc. 1-1. Defendants then removed the matter to this Court. *Notice of Removal*, Doc. 1. The defendants now bring this motion arguing that there is no genuine dispute as to any material fact regarding the defendants' immunity from liability under La. R.S. § 9:2798.4.

**II.     Summary Judgment Standard**

3

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Satisfying this burden requires the presentation of supporting evidence. *Letsinger v. Stennette*, Civil Action No. 5:12-cv-2444, 2014 WL 4809814, *2–3 (W.D. La. Sept. 26, 2014) (discussing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

### III.   Discussion

In Louisiana, a party may be immune from liability for injuries sustained by persons driving under the influence of alcoholic beverages or drugs. La. R.S. § 9:2798.4 provides:

- A. Neither the state, a state agency, or a political subdivision of the state *nor any person* shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle . . . who:
    (1) Was *operating a motor vehicle . . . while his blood alcohol concentration of 0.08 percent or more* by weight based on grams of alcohol per one hundred cubic centimeters of blood \*\*\*
- B. The provisions of this Section shall not apply unless:
    (1) The operator is found to be in *excess of twenty-five percent negligent* as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(1)(b) . . . ; and
    (2) This negligence was a *contributing factor causing the damage*.

(emphasis added). "Summary judgment under this statute is appropriate when the evidence presented by the movant is sufficient to establish that a reasonable factfinder would be compelled to find that a plaintiff was (1) under the influence of alcohol or drugs while operating a vehicle; (2) more than 25% negligent due to his intoxication; and (3) his negligence was a contributing factor in causing the damage." *Chamblee v. Yamaha Co.*, Civil Action No. 08-1351, 2012 WL 844725, at \*5 (W.D. La. Mar. 12, 2012) (citing *Lyncker v. Design Eng'g, Inc.*, 51 So.3d 137, 141–42 (La. Ct. App. 2010); *Doyle v. Union Pac. R.R. Co.*, 442 F. App'x 964 (5th Cir. 2011)).

   a. *Summary Judgment Under La. R.S. § 9:2798.4*

As a threshold matter, the plaintiff contends that summary judgment is not warranted in this case because the allocation of fault is a determination left to the fact finder. Although the plaintiff is correct that comparative fault is generally determined by a fact finder, it does not preclude a court from granting summary judgment when there is no genuine issue of material fact. *Lyncker*, 51 So.3d at 142 ("The legislative history of § 9:2798.4 does not require that a full trial on the merits take place when summary judgment is sufficient to determine that the [defendant] is not liable in any way for [the accident]."); *see Doyle*, 442 F. App'x 964 (affirming the district court's grant of summary judgment under La. R.S. § 9:2798.4); *Chamblee*, 2012 WL 844725 (granting defendant's motion for summary judgment regarding immunity under La. R.S.

5

§ 9:2798.4). Accordingly, summary judgment may be granted in this case if there are no genuine issues of material fact.

### b. *Immunity from Liability*

Generally, toxicology reports paired with declarations from an accident reconstructionist or engineer concerning the plaintiff's negligent or reckless driving behavior prior to the accident are sufficient evidence to support summary judgment under Louisiana's immunity from liability statute. For example, in *Lyncker* the plaintiff filed suit against the Department of Transportation and Development ("DOTD") for injuries sustained when plaintiff collided with a floodgate erected by DOTD on Highway 90. 51 So.3d 137. The district court granted summary judgment on DOTD's claim for immunity under La. R.S. § 9:2798.4, holding that "any reasonable fact finder would be compelled to find plaintiff excess of twenty-five percent negligent." *Id.* at 140. The evidence presented at summary judgment included an undisputed toxicology report showing that the plaintiff's blood alcohol level at the time of the accident was .21% and an affidavit from an accident reconstructionist explaining that the plaintiff was driving in excess of the speed limit, should have seen the flashing lights and steel barricade from more than 465 feet away, and struck the barricade without slowing or applying the brakes. *Id.* at 139, 142. The accident reconstructionist concluded that "if [plaintiff] was not under the influence of alcohol and traveling at the posted speed limit, he would have seen the amber lights and brought his vehicle to a safe stop. His failure to do so is directly attributed to his .21% blood alcohol concentration[.]" *Id.* at 142. The Louisiana Fourth Circuit Court of Appeals agreed with the district court's finding, and further stated that the plaintiff's "grossly negligent operation of a motor vehicle while severely intoxicated, as evidenced by his unrefuted .21% blood alcohol

concentration and the well-documented erratic and reckless driving actions, is the sole and proximate cause-in-fact of his fatal car accident . . . ." *Id.* at 141.

Similarly, in *Chamblee* the court granted summary judgment on the defendant's claim for immunity. 2012 WL 844725. The evidence presented for summary judgment included a toxicology report, hospital records showing the plaintiff's BAC at .136%, a witness's testimony that the plaintiff was driving in a reckless manner, an accident reconstructionist's declaration that the plaintiff was intentionally driving in an aggressive manner, and an affidavit explaining the negative effects of alcohol at the plaintiff's BAC and stating that the plaintiff's BAC was a major causative factor of the accident. *Id.* at *2–3. The Court held that the evidence presented "and the toxicology information are sufficient to establish [plaintiff's] negligence as greater than 25%, and that his negligence was a contributing factor to the accident." *Id.* at *5.

In this case, the defendants have presented sufficient summary judgment evidence whereby a reasonable jury would be compelled to find that: (1) the plaintiff was under the influence of alcohol (and above the legal limit) while operating a vehicle; (2) the plaintiff was more than 25% negligent due to her intoxication; and (3) the plaintiff's negligence was a contributing factor in causing damages. Similar to the defendants in *Lyncker* and *Chamblee*, the defendants in this action have submitted a toxicology report and declarations demonstrating that the plaintiff's BAC was above the legal limit, the plaintiff was driving in a negligent manner prior to the accident, and the plaintiff's negligence was a contributing factor to the accident.

First, it is undisputed[3] that the plaintiff's BAC was above the legal limit[4] at the time of the accident, at approximately .232%. The defendants submitted a declaration of Dr. George, a

---

[3] The plaintiff contends that her BAC at the time the blood was drawn does not represent her BAC at the time of the accident. *Pl.'s Resp. Defs.' Statement Undisputed Facts* ¶ 14, Doc. 15. Plaintiff's blood was drawn at the hospital around 9:57 pm, approximately thirty minutes after the accident. *See Bailey Dep.* 53:4–14, Doc. 12-4 (stating that emergency services were first called at 9:30 pm); *Defs.' Supp. Mem.* 9, Doc. 12-2 (stating that the hospital drew

7

pharmacologist and toxicologist, who calculated the plaintiff's BAC at nearly three times the legal limit and stated that the plaintiff was significantly intoxicated at the time of the accident. The defendants also submitted the plaintiff's hospital record that stated that the plaintiff was diagnosed upon admittance with "acute alcohol intoxication." In response, the plaintiff submitted her own declaration stating that she was not charged with Driving While Intoxicated ("DWI"). Because a DWI charge is not a requirement for immunity under La. R.S. § 9:2798.4, this argument is unpersuasive and the plaintiff has failed to demonstrate a genuine issue regarding the plaintiff's intoxication at the time of the accident. Therefore, no reasonable jury could find for the plaintiff on the first element of immunity.

Second, based on the evidence presented, a reasonable jury would be compelled to find that the plaintiff was more than 25% contributorily negligent for the accident. The defendants submitted a declaration from Adamson, an accident reconstructionist, who concluded that the plaintiff had the time and distance to avoid the accident. Data retrieved from the plaintiff's car showed that the plaintiff was driving 16 mph in excess of the speed limit prior to the accident. The plaintiff erratically applied her brakes in the 3 seconds prior to the accident, but did not apply her brakes at the time of the collision. Further, the evidence showed that the plaintiff only slowed to 62 mph—still 7 mph above the speed limit—at the time of the collision. Adamson also concluded that the plaintiff should have seen the defendant Johnson's tractor trailer in time to avoid the accident because the defendant's lights were on and functioning and at the time the defendant began to make his left turn the plaintiff was 1,160 feet away from the point of

---

Bailey's blood around 9:57 pm). The plaintiff provides no evidence of what her BAC was at the time of the accident or how it could have possibly been under .08% only thirty minutes prior to the hospital reading of .232%. Thus, there is no genuine issue of material fact that the plaintiff's BAC was above the legal limit at the time of the accident.

[4] La. R.S. § 14:98(A)(b) makes it a crime to operate a vehicle when the operator's BAC is "0.08% or more by weight based on grams of alcohol per one hundred cubic centimeters of blood."

8

collision. Adamson concluded that, even traveling at 71 mph, the plaintiff could have avoided the collision.

In response, the plaintiff makes a conclusory statement that she could not have avoided the accident because the defendant pulled out into her lane. The only evidence presented to support this contention is the accident report, which plaintiff asserts establishes that the defendant caused the accident because he was cited for Failure to Yield.[5] Although factual findings documented in an accident report are admissible under the public records hearsay exception of Federal Rule of Evidence 803(8), an officer's opinions as to the cause of the accident are not.[6] *Letsinger v. Stennette*, No. 5:12-CV-2444, 2014 WL 4809814, *4 (W.D. La. Sept. 26, 2015); *Reliastar Life Ins. Co. v. Thompson*, No. CIV. M-07-140, 2008 WL 4327259, *4 (S.D. Tex. Sept. 16, 2008). Specifically, the hearsay exception only applies "in civil cases to *an officer's first-hand observations* that result from their investigation and experience." *Letsinger*, 2014 WL 4809814, at *4 (emphasis added) (citations omitted). In this case, the accident report's conclusion that the defendant's failure to yield was the cause of the accident is inadmissible hearsay. The report's statement that "[t]he driver of vehicle 1 [the defendant] did not see vehicle approaching southbound on LA 30 and turned directly into its path"[7] is also inadmissible hearsay because such statement did not result from the officer's "first-hand observations," as required by

---

[5] This charge has since been dismissed in its entirety. *Minute Entry 23rd Judicial District Court*, Doc. 16-1 ("On the charge of FAILURE TO YIELD: Upon motion of the state Nolle Prosequi entered.").

[6] The plaintiff's reliance on *Irion v. State ex rel. Dep't Transp. & Dev.*, 760 So.2d 1220 (La. App. 1 Cir. 2000), for the proposition that accident reports are admissible evidence is misplaced. *Irion* deals with the admissibility of prior accident reports concerning the same intersection at issue in the case and, furthermore, only holds that such reports are not privileged under a federal immunity statute. *See Irion*, 760 So.2d 1220.

[7] *Traffic Crash Report* 6, Doc. 14-3. According to the plaintiff, "Mr. Johnson[] state[d] to the Louisiana State Trooper who arrived at the scene that he did not see Ms. Bailey's approaching vehicle." *Pl.'s Suppl. Opp'n* 5, Doc. 25. For that reason, the plaintiff argues that the present sense impression exception to hearsay applies. *Id.* at 8 (citing Fed. R. Evid. 803(1)). The plaintiff provides no citation to the record, and the Court therefore assumes that the plaintiff is referring to the above-quoted statement from the accident report. Federal Rule of Evidence 803(1) states that the following is not excluded by the rule against hearsay: "A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Here, the above-quoted statement is too attenuated from the accident to constitute the defendant's present sense impression.

the public records exception. Because the plaintiff has not presented competent summary judgment evidence to rebut the defendants' evidence, the plaintiff has failed to demonstrate a genuine issue that she was less than 25% contributorily negligent for the accident. Therefore, no reasonable jury could find for the plaintiff on the second element of immunity.

Finally, there is no genuine dispute that the plaintiff's negligence was a contributing factor in causing damages. Dr. George's declaration explained the negative effects alcohol has on a person at various levels of intoxication. At .2%—a BAC less than the plaintiff's—"dizziness, mental confusion, sedation, impaired balance and visual disturbances are prominent[.]" *George Decl.* ¶ 6, Doc. 12-6. Dr. George concluded that the plaintiff was significantly intoxicated at the time of the accident and that alcohol should be considered a significant contributing factor in the accident. The plaintiff provides no evidence to rebut the effects of alcohol intoxication and no further evidence, apart from what was discussed above, demonstrating that her negligence was not a contributing factor in the accident. Because the plaintiff provides insufficient summary judgment evidence, she has failed to demonstrate a genuine issue that her negligence was not a contributing factor in her damages. Therefore, no reasonable jury could find for the plaintiff on the third element of immunity.

The plaintiff has failed to put forth sufficient evidence to meet her burden at summary judgment.[8] As previously discussed, the accident report submitted by the plaintiff is inadmissible to prove that the defendant caused the accident. For the reasons stated above, the plaintiff's own declaration—stating that she was not cited with a DWI and that the defendant was cited with

---

[8] On November 17, 2015, the Court held a hearing on the defendants' motion. During this hearing, the Court made it clear to plaintiff's counsel that the evidence submitted in his opposition (Doc. 14-1) was insufficient to defeat the defendants' motion for summary judgment. The Court permitted the plaintiff to submit a supplemental opposition with any evidence the plaintiff had, but was not included in the original brief. *See* Doc. 18. The Court has reviewed the plaintiff's supplemental opposition and finds that it remains insufficient to overcome the defendants' motion for summary judgment. The plaintiff submitted no new evidence and instead relied entirely on attorney arguments and speculation. These arguments and speculative statements concerning the defendants' expert evidence does not create a genuine issue of material fact regarding any of the three elements of immunity under La. R.S. 9:2798.4.

Failure to Yield—does not adequately rebut any element of the defendants' claim for immunity. Moreover, the plaintiff previously testified that she had no memory of the accident. *See Bailey Dep.* 49, 51, 53, Doc. 12-4 (stating that the last thing she remembers before waking up in the hospital was leaving her friend's house and driving). The plaintiff's declaration does not attempt to explain how she now has personal knowledge of the events of the accident or that she has any independent knowledge, apart from the inadmissible accident report, concerning the defendant's fault. In the Fifth Circuit, "a plaintiff may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000).[9] Even when viewed in the light most favorable to the non-moving party, the plaintiff, there is no genuine dispute as to any material fact regarding the defendants' immunity under La. R.S. § 9:2798.4, and the defendants are therefore entitled to a judgment as a matter of law.

### IV.     Conclusion

For the reasons stated herein, the defendants' Motion for Summary Judgment (Doc. 12) is **GRANTED**. The Court observes that the plaintiff recently filed a Motion to Reopen Discovery (Doc. 31), which was opposed by the defendants (Doc. 33). After reviewing the motion, the Court agrees with the defendants and therefore the plaintiff's Motion to Reopen Discovery (Doc. 33) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 1, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[9] Furthermore, "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Doe*, 220 F.3d at 386 (quoting *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)).